### In re PICKWICK PLACE LIMITED PARTNERSHIP, Debtor.

### Bankruptcy No. 86 B 5978.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 24, 1986.

John P. Messina, Daniel P. Shapiro, Goldberg, Kohn, Bell, Black, Rosenbloom & Mortiz, Ltd., Chicago, Ill., for debtor.

Philip Martino, Rudnick & Wolfe, Chicago, Ill., for DRG Funding.

## MEMORANDUM OPINION AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter is before the Court on the motion of DRG Funding Corp. ("DRG"), a creditor of the estate, for change of venue and other relief. The debtor, Pickwick Place Limited Partnership ("Pickwick") and LaSalle Cinnamon Pickwick Limited Partnership ("LaSalle"), a limited partner creditor, have opposed the motion. The Court, having heard counsel for all parties and having reviewed the memoranda, pleadings and affidavits submitted, does hereby grant DRG's motion.

### FACTS

Pickwick filed a petition under Chapter 11 of the Bankruptcy Code on April 16, 1986. The debtor is an Oklahoma limited partnership whose principal asset is an apartment complex located in Oklahoma City, Oklahoma. The general partners of the debtor all reside in the Chicago area.

Although the debtor has not yet filed schedules, the debtor filed a verified list of creditors with its petition for relief. This list contains 11 creditors, 8 of which are located in Oklahoma City, one in Nebraska (Commercial Federal Savings and Loan of Omaha), one in Washington, D.C. (DRG) and one in Chicago (LaSalle). In the subse-

quent affidavit of Glen Morris, a general partner of the debtor and the same individual who verified the debtor's petition and list of creditors, Morris states that there are approximately 50 trade creditors of the debtor, most of whom are located in Oklahoma, who are owed less than $20,000.00. In his affidavit, Morris also states that the debtor owes approximately $100,000.00 to Middle States Land Co. and Middle States Management Company, both of which are Illinois corporations, and that he is an officer of both. Neither of the Middle States companies appear on the list verified by Morris as a "full, complete and actual list of the names and addresses of the creditors of the debtor" filed with the debtor's petition.

DRG is the principal creditor of the debtor. The indebtedness due DRG is secured by a first mortgage on the Oklahoma City apartment complex, the principal asset of the debtor. As of May 1, 1986 the amount due DRG exceeds $6,000,000.00.

### DISCUSSION

DRG has filed motions for a change of venue, to dismiss the case, and for relief from the automatic stay. The Court limits its discussion to DRG's motion for change of venue.

DRG's motion is made pursuant to 28 U.S.C. § 1408 and Bankruptcy Rule 1014(a)(1). DRG seeks to have the case transferred to the Bankruptcy Court for the Western District of Oklahoma, the situs of the debtor's primary asset. The debtor's Chapter 11 bankruptcy petition was filed two days before a scheduled hearing on DRG's foreclosure action in the Oklahoma state court. The debtor and LaSalle object to DRG's motion.

Venue of cases under Title 11 is governed by 28 U.S.C. § 1408 which provides, in pertinent part:

... a case under title 11 may be commenced in the district court for the district—

(1) In which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. 1408.

Under 28 U.S.C. § 1408, venue in this case properly resides in either this district or the Western District of Oklahoma. Change of venue is governed by 28 U.S.C. § 1412 which provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.

Additionally, Bankruptcy Rule 1014(a) provides:

(1) *Cases Filed in Proper District.* If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be transferred to any other district if the court determines that the transfer is for the convenience of the parties and witnesses in the interest of justice.

Bankruptcy Rule 1014(a).

■ Although the decision as to whether to transfer or retain a case lies within the sound discretion of the court, courts have looked at a number of factors in determining whether a transfer of a given case would be in the interest of justice and convenience to the parties. *In re Eleven Oak Tower Limited Partnership*, 59 B.R. 626 (Bankr.N.D.Ill.1986); *In re Butcher*, 46 B.R. 109, 112 (Bankr.N.D.Ga.1985). These factors include: (1) location of the creditors; (2) location of the debtor; (3) location of witnesses necessary to the administration of the estate; (4) location of the debtor's assets; and (5) which forum would

provide for the most efficient and economical administration of the case. *See, In re Bankers Trust*, 403 F.2d 16 (7th Cir.1968); *In re Eleven Oak Tower, Ltd. Partnership, supra; In re Old Delmar Corp.*, 45 B.R. 883 (S.D.N.Y.1985); *In re Ryan*, 38 B.R. 917 (Bankr.N.D.Ill.1984).

 The only one of the above factors which favors venue in this district is the location of the debtor. As to the others, the overwhelming number of creditors are located in Oklahoma. The largest secured creditor, DRG, which is not located in either Illinois or Oklahoma, prefers Oklahoma. Moreover, the debtor's principal asset is in Oklahoma. Pickwick contends that managing partners which may be necessary participants and perhaps witnesses in administration of the estate are located in the Northern District of Illinois. However, the hearing which is likely to be dispositive of the debtor's principal asset (and consequently, its reorganization) would require witnesses to establish the value and viability of the apartment complex. Those probable witnesses are located in Oklahoma. This Court concludes that the bankruptcy court in Oklahoma is in a better position to efficiently and economically administer the estate.

Two courts which have considered situations almost identical to the one in the instant case have ordered the proceedings transferred to the district where the property was located. *In re Eleven Oaks Tower Limited Partnership, supra; In re Old Delmar Corp., supra.* In both of those cases, the courts placed substantial weight on the location of the debtor's assets. Pickwick's late attempt to add additional questionable creditors located in this district is not persuasive. This court is of the opinion that in the interest of justice and for the convenience of the parties, the Bankruptcy Court for the Western District of Oklahoma is the more appropriate forum to hear these matters.

Since the Court grants DRG's motion for change of venue, it declines to rule on DRG's motions to dismiss the bankruptcy case and for relief from the automatic stay.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. DRG's motion for change of venue is granted. This bankruptcy proceeding is transferred to the Western District of Oklahoma.

2. The Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois is ordered to take all steps necessary to effectuate the transfer of this proceeding to the Western District of Oklahoma forthwith.