**In re SPICER OAKS APARTMENTS, LTD., Debtor.**

**Bankruptcy No. 86–02258–BSS.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 26, 1987.

Thomas M. Walsh, Clayton, Mo., for debtor.

Charles E. Merrill, St. Louis, Mo., for Meritor Sav.

Charles V. Barrett, III, Tampa, Fla., for Sexton Service Corp.

## MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

This case is before the Court for determination of the issues raised in the Motion To Transfer filed by Meritor Savings Bank. The parties have filed their memoranda of law and been heard with respect to the Motion.

The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) on September 15, 1986. On October 6, 1986, the Debtor filed its Statement of Financial Affairs as well as its Schedules. On October 23, 1986, Meritor Savings Bank filed its Motion.

The Debtor is a limited partnership organized and existing under the laws of the

---

state of Florida. The general partner is a Missouri corporation, Growth Capital, Inc. whose principal office is located in St. Louis, Missouri. The sole limited partner of the Debtor is American Resource Corporation, a corporation domiciled in the state of California. The business of the Debtor is the ownership and operation of a multi-family apartment project located in Tampa, Florida.[1]

According to the Schedules and the testimony adduced at the hearing, 18 of the Debtor's 20 largest unsecured creditors are located within Florida (one in Texas and one with an unknown address) and none of the creditors of the estate are located within the state of Missouri. Approximately eighty percent (80%) of the unsecured creditors are located within the state of Florida with the vast majority located within the Middle District of Florida. The only secured creditor, Meritor Savings Bank, listed as having a debt due it of $1,097,884.00 is located within the Middle District of Florida.

The Debtor files its tax returns in the State of Florida. According to the Debtor's Schedules copies of its tax returns are located in Carrollton, Texas, although its business records are located in Florida, Texas, and California. Testimony at trial revealed that the Debtor's business records are being transferred to St. Louis, Missouri.

## DISCUSSION

The venue provisions applicable to cases filed under the Bankruptcy Reform Act of 1978 (the "Code"), as amended, are codified at 28 U.S.C. Sec. 1408. Section 1408 provides a statutory forum selection clause which includes the following alternatives:

1. The domicile of the Debtor entity.
2. The principal place of business of the Debtor within the United States.
3. The locus of the Debtor's principal assets; or
4. The venue of any pending case under Title 11 concerning such entity's af-

filiate, general partner or partnership.

Section 1408 does not define the term "domicile" for venue purposes. However, the state of incorporation of a corporation is to be the domicile of the corporation *Suttle v. Reich Bros. Construction Co.*, 333 U.S. 163, 166, 68 S.Ct. 587, 589, 92 L.Ed. 614 (1948) and it has been held that the legal existence, the home and the habitat, the residence and the citizenship of a corporation can only be in the state that created the corporation *Rosenfeld v. S.F.C. Corp.*, 702 F.2d 282, 283 (1st Cir.1983). By analogy, the State of Florida which created the Debtor limited partnership is the domicile of the limited partnership.

It is without question that the locus of the Debtor's principal assets is the Middle District of Florida and that there are no affiliates of the Debtor upon which venue can be claimed in Missouri. The Debtor's principal place of business could be construed to be the place of business of the Debtor's management. While the Debtor's general partner is located in St. Louis, Missouri, the Court finds that the Debtor's business records are located in jurisdictions other than Missouri (including records of the Debtor's multi-family apartment project which is managed by a company located in California with an on-site manager in Florida).

The Bankruptcy Court is clothed with authority to transfer a bankruptcy proceeding that was originally properly filed to another Bankruptcy Court if such a transfer would serve the interest of justice and the convenience of the parties. 28 U.S.C. § 1412. In determining whether a transfer would serve the interest of justice and the convenience of the parties, both the Eighth Circuit Court of Appeals, as well as the Bankruptcy Court for the Middle District of Florida have considered the following factors:

1. Proximity of creditors of every kind to the Court;

---

**1.** The Debtor has been cited by the Hillsborough Health Department as having a health hazard. The testimony at the trial established that the Debtor is discussing with the Health Depart-ment a resolution of this issue. In addition, a receiver, Robert Nenez, of Lakeland, Florida, was appointed receiver for the Debtor's property prior to its Chapter 11 filing period.

2. The proximity of the Debtor to the Court;

3. The proximity of the witnesses necessary to the administration of the estate;

4. The location of the assets;

5. The economic administration of the estate;

6. The necessity for ancillary administration if a liquidation should result.

*Hawaiian Investors v. Thorndal,* 339 F.2d 807, 809 (8th Cir.1965); *In re Dew Mortgage Company, Inc.,* 10 B.R. 242, 243–44 (Bankr.M.D.Fla.1981); *In re Distributors Warehouse, Inc.,* 1 B.R. 539, 542 (Bankr.M.D.Fla.1979). Other than the location of the Debtor, the criteria set forth above dictate that the proper venue of this Chapter 11 proceeding is the Middle District of Florida.

Accordingly, pursuant to 28 U.S.C. § 1412, the Motion of Meritor Savings Bank shall be GRANTED and the Chapter 11 proceeding transferred to the United States Bankruptcy Court for the Middle District of Florida.