### In re NANTUCKET APARTMENTS ASSOCIATES, Debtors.

**Bankruptcy No. 87–01649–DPM.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 9, 1987.

Gerald A. Rimmel, Clayton, Mo., for debtor.

David A. Warfield, St. Louis, Mo., for First Federal.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

#### INTRODUCTION

On July 2, 1987, First Federal Savings and Loan Association of Shreveport ("First Federal") moved to transfer venue of this case to the United States Bankruptcy Court for the Western District of Louisiana. First Federal also filed its supporting Memorandum on said date. On July 28, 1987, Debtor filed a Memorandum opposing transfer of venue. On November 2, 1987, the parties submitted the case to the Court on the Memoranda and Stipulations. Based thereon, the Court makes the findings of fact and conclusions of law set forth below and this date grants First Federal's Motion.

#### FINDINGS OF FACT

1. On June 4, 1987, Debtor filed its voluntary Chapter 11 petition in this District.

2. The only real property owned by Debtor is a 224–unit apartment complex located in Shreveport, Louisiana, within the Western District of Louisiana ("Apartment Complex").

3. Debtor is a limited partnership organized under and existing by virtue of the laws of the State of Missouri.

4. The general partners of the Debtor and the states of their residence, all located in the Eastern District of Missouri, Eastern Division, are as follows:

| General Partner | State of Residence |
| --- | --- |
| Michelson Asset Management, Inc. | Missouri |
| Bruce V. Michelson | Missouri |
| Harold Lazaroff | Missouri |
| James J. Welch | Missouri |

5. The holder of the first mortgage on the Apartment Complex is First Federal, a federal savings and loan association domiciled in Caddo Parish, Louisiana, within the Western District of Louisiana.

6. The holder of the second mortgage on the Apartment Complex is Nantucket Harbor Associates, a Louisiana limited partnership domiciled in Caddo Parish, Louisiana, within the Western District of Louisiana.

7. Debtor does not dispute the claim of First Federal in the principal amount of $7,435,578.83. Debtor and First Federal do, however, disagree on the precise amount of interest due as of the date of filing.

8. As of the date of filing, approximately one hundred twenty-nine individuals or families, all of whom are domiciled in Caddo Parish, Louisiana, held contingent claims against the Debtor for security deposits in the total amount of $12,752.00.

9. Twelve of the twenty largest unsecured creditors listed by the Debtor are located in or about Shreveport, Louisiana. Three of the twenty largest unsecured creditors, including Michelson Realty Company, are located in the St. Louis, Missouri area. Only one unsecured claim is listed on Debtor's schedules as disputed.

10. There are 60 individual limited partners, 52 of which are located within the Eastern District of Missouri or within the subpoena range of said District, and whose capital contributions to the limited partnership total $2,738,750.00. None of the limited partners are located in the State of Louisiana.

11. The day-to-day management of the Apartment Complex is conducted on site by Michelson Realty Company, the managing agent.

12. Prior to the filing of the bankruptcy petition, First Federal had commenced judicial foreclosure proceedings against the Apartment Complex. *First Federal Savings & Loan of Shreveport v. Nantucket Harbor Associates and Nantucket Apartment Associates,* Case No. 331569, pending in the First Judicial District, Caddo Parish, Louisiana. Pursuant to Louisiana law and an order of the First Judicial District Court, Caddo Parish, Louisiana, First Federal was appointed "keeper" of the Apartment Complex. In its capacity as keeper, First Federal collected rents and made certain disbursements. At the time of filing, First Federal had in its possession $51,897.19, held in its capacity as keeper.

13. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (0), which the Court may hear and determine.

2. Under Title 28, Section 1408(1), venue of a bankruptcy case is proper in the district court for the district

"in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-eighty-day period than the

domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district."

Where, as here, the debtor is a limited partnership, the domicile or residence of the general partners and limited partners is *not* relevant in determining venue. Instead, the residence or domicile of a limited partnership is determined by the location of its principal place of its business. *FSI Group v. First Federal Savings & Loan Ass'n,* 502 F.Supp. 356, 357 (S.D.N.Y.1980). Since the Apartment Complex in Shreveport, Louisiana is the limited partnership's only business and since its day-to-day management is conducted on site, the Court concludes that Debtor's principal place of business is in Shreveport, Louisiana, within the Western District of Louisiana. Therefore, the Court holds that venue of this case is *not* proper in the Eastern District of Missouri.

■ 3. Even were venue proper in this District, Title 28, Section 1412 would permit transfer of this case "in the interest of justice or for the convenience of the parties." In determining whether that standard for transfer of venue has been met, this Court has looked to the following factors:

(1) Proximity of creditors of every kind to the Court;

(2) The proximity of the Debtor to the Court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate; and

(6) The necessity for ancillary administration if a liquidation should result.

*In re Spicer Oaks Apartments, Ltd.,* 80 B.R. 142, 143–44, (Bankr.E.D.Mo.1987) (J. Schermer).

4. With respect to factor (1), proximity of creditors of every kind to the Court, the two secured creditors and most of the unsecured creditors are nearer to the court in the Western District of Louisiana. Thus, this factor would favor transfer of venue.

5. With respect to factor (2), the proximity of the Debtor to the Court, the limited partnership's principal place of business is in Louisiana. Thus, this factor would also favor transfer of venue.

6. With respect to factor (3), the proximity of the witnesses necessary to the administration of the estate, while the Debtor's general partners are nearer to this Court, persons whose testimony might be needed in valuing the Apartment Complex or in determining other matters with relation to it, are nearer to or reside within the Western District of Louisiana. On balance, the Court finds that this factor, too, would favor transfer of venue.

7. With respect to factor (4), the location of the assets, this factor obviously would favor transfer of venue.

8. With respect to factor (5), the economic administration of the estate, the Court finds that economy would be best served by placing venue of this case where the only principal asset of the Debtor exists, namely, the Western District of Louisiana. Thus, this factor also would favor transfer of venue.

9. With respect to factor (6), the necessity for ancillary administration if a liquidation should result, this factor also would favor transfer of venue since any liquidation of the Apartment Complex of necessity would have to take place in the Western District of Louisiana.

10. In summary, even if venue of this case were proper in the Eastern District of Missouri, which the Court finds that it is not, in the interest of justice and the convenience of the parties, the Court would transfer this case to the Western District of Louisiana.

11. Under Bankruptcy Rule 1014(a) this Court has the power to and will transfer venue of this case to the Bankruptcy Court for the Western District of Louisiana.

12. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.

## ORDER

For the reasons set forth in the Memorandum Opinion also filed this date, it is

ORDERED that the Motion To Transfer filed by First Federal Savings and Loan Association of Shreveport is hereby GRANTED and this Chapter 11 case is hereby transferred to the United States Bankruptcy Court for the Western District of Louisiana.