In re A & D CARE, INC., Debtor.

COUNTY OF BUTLER,
PENNSYLVANIA,
Movant,

v.

A & D CARE, INC., Respondent.

Bankruptcy No. 5–88–00194.

United States Bankruptcy Court,
M.D. Pennsylvania.

May 26, 1988.

Lawrence G. Frank, Harrisburg, Pa., Allen E. Ertel, Williamsport, Pa., for debtor —A & D Care, Inc.

William L. Higgs, Rosenn, Jenkins & Greenwald, Wilkes–Barre, Pa., Lawrence Demase, Rose, Schmidt, Hasley & Disalle, Pittsburgh, Pa., Douglas G. Linn, II, Butler, Pa., for Butler County.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Presented for consideration is a Motion to Transfer a Case originally filed in the Bankruptcy Court for the Middle District of Pennsylvania at Case No. 5–88–00194 to the Bankruptcy Court for the Western District of Pennsylvania. For the reasons provided herein, we will grant the "Motion for Transfer of Case" and will direct the Clerk of this Court to transfer In Re: A & D Care, Inc. filed to Bankruptcy Case No. 5–88–00194 and all pending matters filed therein to the Clerk of Court for the United States Bankruptcy Court for the Western District of Pennsylvania.

## PROCEDURAL HISTORY

This matter initially presents a rather long and detailed State Court procedural history which is summarized as follows:

On or about January 28, 1988, Buckingham Security, Ltd. and A & D Care, Inc. filed a Demand for Arbitration before the American Arbitration Association concerning a dispute over the terms of a contract, which the debtor asserts to be the sole asset in this case. Arbitration was subsequently scheduled for March 29 and March 30, 1988. Shortly after the demand for arbitration, the County of Butler (hereinafter ("County") filed an action for Declaratory Judgment and Petition for Preliminary Injunction at Butler County Docket # 88–088. The Butler County Court of Common Pleas later determined that the Petition for Preliminary Injunction was an independent action and, consequently, on or about March 16, 1988, the County filed a Complaint in Equity seeking Preliminary Injunction to enjoin the defendants from

proceeding before the American Arbitration Association at Butler County Docket # 88–012.

A hearing was held on the Preliminary Injunction on March 23, 1988 and the Injunction was granted by the Common Pleas Court of Butler County on March 24, 1988. On or about April 6, 1988, Buckingham Security, Ltd. filed a Notice of Appeal to the Superior Court from Court Order of April 11, 1988.

On or about March 28, 1988, A & D Care, Inc. (hereinafter "Debtor") filed a Voluntary Chapter 11 Petition in the Middle District of Pennsylvania at Case No. 5–88–00194. On or about May 3, 1988, the County filed a "Motion to Transfer Case" requesting that the above captioned case be transferred to the Bankruptcy Court for the Western District of Pennsylvania. On or about May 16, 1988, the debtor filed an Answer to the Motion opposing transfer of venue, together with a Brief in Opposition to the Motion. A hearing was held on this matter on May 16, 1988 and the parties presented oral argument.

## FINDINGS OF FACT

1. On or about March 28, 1988, the debtor filed a Voluntary Chapter 11 Petition under Title 11 of the United States Code. Exhibit "A" of the Petition at 4a indicates that "petitioner's principal asset is a contract with Butler County the particular value of which is a subject of pending State Court litigation."

2. Exhibit "A" further provides a brief description of the debtor's business as follows; "petitioner owns the contract right to perform drug and alcohol treatment services in a facility located on Washington Street, Butler County, Butler, Pennsylvania."

3. The debtor is not a signatory to the contract.

4. On or about January 28, 1988, debtor requested arbitration by the American Arbitration Association of certain claims under the contract with the County at AAA Matter No. 13–199–0120–88.

5. The contract is currently the subject of a lawsuit requesting declaratory judgment pending in the Common Pleas Court of Butler County filed on February 8, 1988 to No. 88–0088 and a Complaint in Equity at No. 88–012 seeking to enjoin the arbitration proceeding before the AAA.

6. The State Court action and equity action arose from the terms of an agreement between the County and Buckingham Security, Ltd., in which Buckingham and the debtor were to lease, manage, and operate a planned minimum security prison known as the "Washington Center" in Butler, Butler County.

7. The debtor has a registered office at 414 McKean Street, Butler, Butler County, Pennsylvania 16011.

## DISCUSSION

The County argues that under the dictates of 28 U.S.C. § 1408 and § 1412 this case should be transferred to the Western District of Pennsylvania because the debtor's principal asset is located in Butler County. Additionally, the asset in question, the contract, was bid and negotiated in Butler County and calls for all services pursuant to that agreement to be conducted in Butler County. The debtor has registered office in Butler, Butler County, Pennsylvania. Additionally, the County asserts that the administration of this estate can be undertaken in the most efficient, expeditious and economical fashion in the Western District of Pennsylvania. Finally, the County asserts that the Commonwealth and the County of Butler have a keen interest in having local controversies settled in their locality and that transfer of this case will not work an undue hardship on the debtor. The debtor, however, questions and opposes the Motion to Transfer by asserting that the petitioner has an office and principal assets within this District and that the three shareholders of the petitioner maintain either primary or secondary residences in the Middle District of Pennsylvania and have done so for a period of 180 days in excess of the filing of the petition and that all creditors are located in the Middle District.

Venue for cases is governed by the provisions of 28 U.S.C. § 1408 which provides in pertinent part:

"Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district. . . ."

Additionally, motions requesting a change of venue are governed by 28 U.S.C. § 1412 which provides as follows:

"A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

■ Before addressing the merits of each argument, we note that while each of the above quoted provisions references the "District Court", both sections are made applicable to the Bankruptcy Court, which is a unit of the District Court. The District Court refers any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the Bankruptcy Court. See 28 U.S.C. § 151 and § 157(a) and Order of the District Court for the Middle District of Pennsylvania at Misc. No. 84–0203 dated July 26, 1984, referring all bankruptcy matters to the Bankruptcy Court. Furthermore, a motion for a change of venue is a "core proceeding" in which this Court may enter a final order without reference of Findings of Fact and Conclusions of Law to the District Court. See *In re 19101 Corp.*, 74 B.R. 34 (Bankr.D.R.I.1987), citations omitted, and *In re Waits*, 70 B.R. 591 (Bankr.S.D.N.Y.1987).

■ A decision on a motion for a change of venue is relegated to the sound discretion of the Bankruptcy Court. See re *In re 19101 Corp., supra*, at 35 citing *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr.Haw.1986). In making a decision on a motion for a change of venue, numerous courts examine the following factors: (1) the location of the debtor's estate; (2) the economic and efficient administration of the debtor's estate; (3) the proximity of the debtors; (4) the proximity of the creditors; (5) the proximity of the witnesses. *In re Old Delmar Corp.*, 45 B.R. 883 (S.D.N.Y.1985) (citations omitted). Additionally, other courts have also indicated that a substantial local interest in the particular case would be a factor to support a motion to transfer a case. See *In re Old Delmar Corp., supra*, citing *Matter of Landmark Capital Co.*, 19 B.R. 342 (Bankr.S.D.N.Y.1982) at 348. Many courts have focused on one factor which they consider to overwhelmingly compel transfer and that is where the principal asset of the debtor is located. See *In re Old Delmar Corp., supra*, and *In re Pickwick Place, Ltd. Partnership*, 63 B.R. 290, 292 (Bankr. N.D.Ill.1986).

Applying the guidance found in the above referenced case law and the applicable Code provisions, we find in this case that the debtor's principal asset may be a contract to provide services for and on behalf of the residents of Butler County and in particular to operate a minimum security prison and providing drug and alcohol treatment services at the prison. The contract was bid for and negotiated in Butler County and public funds were used to fund the contract. The contract, the sole asset in question, is the subject of litigation currently pending in the Court of Common Pleas of Butler County, Civil Division. We indicate that the contract may be the only asset because the state litigation may result in the contract being declared void.

■ The debtor's main argument in support of its objection to the transfer is that the principals of the debtor have their residence in the Middle District of Pennsylvania. This Court notes that the contract,

which is alleged to be the sole asset of the debtor, was entered into between the County and Buckingham Security, Ltd. and not the debtor nor the debtor's principals. The residence of the partners or principals of the debtor have no direct bearing upon the question of determining venue. See *In re Nantucket Apartments Associates,* 80 B.R. 154 (Bankr.E.D.Mo.1987) (case dealt with domicile of partnership). In the *In re Old Delmar Corp.* case, *supra,* the debtors complained that it would be an inconvenience to the principals who lived in New York if the case was transferred to Texas. There the Court did not consider the distance between Texas and New York as an inconvenience to the parties. Likewise, we do not find that there will be much inconvenience to the principals to travel intra-district within the Commonwealth of Pennsylvania. The debtors accepted the benefits of establishing a business in Butler County and, therefore, must also accept any burdens which accompany that contract.

The debtor argued that some of the negotiation to enter into the contract may have taken place in Lewisburg. All the County representatives, namely, the past and present Commissioners are located in Butler County. These representatives are in close proximity to the Butler County Court of Common Pleas and should need arise for Bankruptcy Court litigation, they will also be in close proximity to the Bankruptcy Court for the Western District of Pennsylvania. In short, the representatives of the County are located in Butler County and we find that there will be little if no inconvenience for the principals of the debtor to travel to Butler County or the Western District of Pennsylvania should the need arise.

Debtor also argued that it has a main office in Lewisburg, Pennsylvania, which is located in the Middle District of Pennsylvania. Debtor asserts that we should look to where the management functions of the business were conducted and not primarily where the major asset is located when making a decision on venue. We recognize debtor's argument and that there is authority to support that argument. See *In re*

*1606 New Hampshire Avenue Associates,* 85 B.R. 298 as amended (Bankr.E.D.Pa. 1988) citing *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239, 1243–47 (5th Cir.1979); *In re Spicer Oaks Apts.,* 80 B.R. 142, 143 (Bankr.E.D.Mo.1987); *In re Baltimore Food Systems, Inc.,* 71 B.R. 795, 798–801 (Bankr.D.S.C.1986); *In re Landmark Capital Co.,* 19 B.R. 342, 344–48 (Bankr.S.D.N.Y.1982); and *In re Greenridge Apts.,* 13 B.R. 510, 512–13 (Bankr.D. Hawaii 1981). The location of a principal place of business is a question of fact. *In re Commonwealth Oil Refining Co., Inc., supra.* The debtor, however, did not provide information as to the extent and function of the alleged office in Lewisburg. We do not know an address or whether there are employees and what type of business activity is conducted at that office. By contrast, we note, that the schedules filed on the day of the hearing reflect on the Statement of Financial Affairs at 1(a) that the location of the business is A & D Care, Inc., 414 North McKean Street, Butler, Pennsylvania 16001. Additionally, the answer supplied to Question 2(c) reflects that the books of account and records are in the possession of Charles Fenton. His address is listed in 2(a) as P.O. Box 2186, Butler, Pennsylvania 16001. Also, the answer to 1(d), requesting information on other names and locations of the business was answered as "not-applicable."

We must also comment on the peculiar nature of this Chapter 11 proceeding. This is not a situation where a debtor is suffering from creditor harrassment and all the other complications which are all too familiar with a Chapter 11 debtor. In fact, there is no creditor harrassment whatsoever. Instead, we are presented a situation that has a history of State Court litigation raising State Court constitutional issues, the result of which may render the contract, the only potential asset, void. The State Court litigation has also presented issues ripe for decision at the appellate level.

We also note that the only participant in this matter, besides the debtor, is the County. The County is not even listed as a

creditor on the schedules. Other creditors may not have participated because the schedules were not filed until the day of the hearing and, therefore, notice was not given to those creditors. The County and debtor also stipulated that most of the total dollar amount of claims and more than one-half of the number of creditors were either insiders or related entities to the debtor. Once again, how these creditors are related to the debtor is questionable at best after review of the supporting documents filed by the debtor. Most of the debt was characterized as startup expenses for the debtor to perform under the alleged contract. As indicated earlier, many of the creditors are actually stockholders of the debtor or related entities. The fact they may have a residence in a district other than where the major asset may be located and where they will do their primary business is not sufficient alone to compel this Court to retain venue. Whatever inconvenience may be experienced by the shareholders/creditors is outweighed by the reasons that support a transfer of venue.

We now address why the transfer of the case will promote the economic and efficient administration of the case. A majority, if not all, of the responsible parties for the County are located in Butler County. Butler County residents have a keen local interest in the Washington Center and its potential operation. The books of record and of account of the debtor and the person in control of those books, Mr. Charles Fenton, are located in Butler County. There is a long history of state court litigation concerning this contact and a pending appellate matter with the Superior Court. We simply cannot ignore all the ties this matter has with the Western District and accept venue.

Finally, we briefly comment on debtor's reliance on *Collier's Bankruptcy Manual,* Third Edition at ¶ 3.02(ii) to support its argument that venue is proper in the Middle District. This section, at best, questions how courts may approach a venue decision under 28 U.S.C. § 1408(1). Collier suggests that some courts might look to 28 U.S.C. § 1391 (District Court Venue) for guidance in making venue decisions. Col-

lier's position is speculative and the debtor has cited no case or other authority to support Collier or its own argument. The debtor also only quotes a portion of Collier. At the conclusion of ¶ 3.02(ii) the Court writes about the liberal provision in 28 U.S. C. § 1412:

"If the courts hold that proper venue for a corporation is in a district in the state of its incorporation, one may expect section 1412 to be frequently applied to transfer the case to the district in which the debtor's principal place of business or principal assets are located, if different from the district in which the case has been commenced."

Consequently, based upon the facts of this case and relying primarily on the fact that the major asset of this debtor may eventually be determined to be located in Butler County, this Court will grant the County's motion and will direct the Clerk to transfer this case and all pending matters filed therein to the Bankruptcy Court for the Western District of Pennsylvania.

We make the above findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.