In re **MIDLAND ASSOCIATES,** a Pennsylvania Limited Partnership, Debtor.

**Bankruptcy No. 90–21864T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 30, 1990.

**460**

William H. Ewing, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for debtor.

Richard E. Fehling, Stevens & Lee, Reading, Pa., Wm. Chris Wolffarth, True, Rhode & McLain, Dallas, Tex., for movant.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a motion filed by Home Savings of America, F.A. ("movant"), a secured creditor in this chapter 11 proceeding, requesting that we transfer venue of this case to the Western District of Texas pursuant to 28 U.S.C. § 1412. Because we find that the interests of justice and the convenience of the parties favor venue in the Western District of Texas, we grant the motion.

This case was submitted on a stipulated set of facts, which we summarize as follows. Debtor is a Pennsylvania limited partnership whose major asset is an office building located in the Western District of Texas. Debtor's only other assets are a debtor-in-possession account located in Houston, Texas and a real estate tax account located in California. Debtor's office building is managed by Sunbelt Property Management, Inc. ("SPM") via one employee who is stationed on the site of debtor's office building. SPM's offices are located in Houston, Texas.

1. In this district, the principal place of business has been defined as the place where the debtor makes its major business decisions. *In re Okla-*

Debtor's general partner resides in this district and controls debtor's major business decisions from his residence and office, which is also located in this district. Additionally, debtor's general partner maintains debtor's books and records in this district.

Movant's home office is located in California, however, movant maintains a "real estate owned" office in Dallas, Texas. In addition to movant, debtor has only three other creditors, namely, the Midland, Texas taxing authority, Sunbelt Property Group, Inc., which has its principal place of business in New York, and Texas Utilities Electric, which is located in Dallas, Texas. Aside from movant, the only other creditor who expressed a preference regarding venue was Sunbelt Property Group, Inc., which submitted an affidavit stating that it would prefer that venue remain in this district. Finally, the parties stipulated that potential witnesses reside in New York, Pennsylvania, California and Texas.

▆▆▆ We first note that since debtor's principal place of business is located in this district,[1] venue is proper in this district under 28 U.S.C. § 1408. *In re Oklahoma City Associates*, 98 B.R. 194, 197–198 (Bankr.E.D.Pa.1989). Nonetheless, venue may be transferred to another district, pursuant to 28 U.S.C. § 1412, in the interests of justice or for the convenience of the parties. The movant bears the burden of proving, by a preponderance of the evidence, that a transfer of venue is warranted under § 1412. *In re Oklahoma City Associates*, 98 B.R. at 197; *In re Pavilion Place Associates*, 88 B.R. 32, 35 (Bankr.S. D.N.Y.1988). The factors to be considered when deciding whether to transfer venue under this section are:

(1) the proximity of the creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of witnesses, who are necessary to the administration of the estate, to the court;

*homa City Associates*, 98 B.R. 194, 198 (Bankr.E. D.Pa.1989). *See also, In re Pavilion Place Associates*, 88 B.R. 32, 35 (Bankr.S.D.N.Y.1988).

(4) the location of the assets;

(5) the economic administration of the estate; and

(6) the necessity for ancillary administration if liquidation should result.

*Matter of Commonwealth Oil Refining Co.,* 596 F.2d 1239, 1247 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Oklahoma City Associates,* 98 B.R. at 199; *In re Pavilion Place Associates,* 88 B.R. at 35. Applying these factors to the facts herein, we conclude that the interests of justice and the convenience of that parties weigh heavily in favor of transferring venue to the Western District of Texas.

 Debtor has four creditors, two are located in Texas, one is located in New York and another, movant, has its home office in California but maintains a "real estate owned" office in Texas. Although debtor's general partner resides in Pennsylvania,[2] debtor chose to purchase property in Texas and therefore, knowingly subjected itself to the possibility of becoming a party to a lawsuit in Texas. *See, In re Oklahoma City Associates,* 98 B.R. at 199; *In re Pavilion Place Associates,* 88 B.R. at 36; *In re Nantucket Apartments Associates,* 80 B.R. 154, 156 (Bankr.E.D.Mo.1987). Although the parties stipulated that witnesses would come from New York, Pennsylvania, California and Texas, in the context of a one asset case, the central issue is likely to focus upon the value of the asset, which in this case is located in Texas. Hence, testimony from Texas witnesses and interpretation of Texas law will most likely be paramount. *See, In re Boca Raton Sanctuary Associates,* 105 B.R. 273, 275 (Bankr.E.D.Pa.1989); *In re Oklahoma City Associates,* 98 B.R. at 199–200; *In re Pavilion Place Associates,* 88 B.R. at 36; *In re Sundance Corporation,* 84 B.R. 699,

702–703 (Bankr.Mont.1988); *In re Wood Family Interests, Ltd.,* 78 B.R. 434 (Bankr. E.D.Pa.1987). Finally, we note that it is generally understood, and we agree, that the estate of a real estate partnership is most efficiently administrated in the district where the principal asset is located. *See, In re Sovereign Group 1985–I, Ltd.,* Case No. 90–10934F (Bankr.E.D.Pa. May 31, 1990); *In re Oklahoma City Associates,* 98 B.R. at 199–200; *In re Pavilion Place Associates,* 88 B.R. at 36; *In re Sundance Corporation,* 84 B.R. at 703; *In re Nantucket Apartments Associates,* 80 B.R. at 156; *Matter of Landmark Capital Company,* 19 B.R. 342, 348 (Bankr.S.D.N.Y.1982). This would prove especially true if liquidation results.[3] *See, In re Pavilion Place Associates,* 88 B.R. at 36; *In re Sundance Corporation,* 84 B.R. at 703; *Matter of Landmark Capital Company,* 19 B.R. at 348. As was aptly pronounced by the court in *In re Pavilion Place Associates,* 88 B.R. at 36;

> Improved real estate is a particularly local concern often better administered by a court in the district in which it is located. (citations omitted).

\* \* \* \* \* \*

In virtually every single asset improved real estate partnership case which we have seen, the court has transferred the bankruptcy to the jurisdiction where the assets are located. *See e.g., In re Nantucket Apartments Associates,* 80 B.R. 154 (E.D.Mo.1987)(sic). *In re Spicer Oaks Apartments, Ltd.,* 80 B.R. 142 (E.D.Mo.1987)(sic); *In re Pickwick Place Ltd. Partnership,* 63 B.R. 290 (Bankr.N. D.Ill.1986); *In re Eleven Oak Tower Ltd. Partnership,* 59 B.R. 626 (Bankr.N. D.Ill.1986); *In re Old Delmar Corp,* 45 B.R. 883 (S.D.N.T.1985); *Landmark Capital, supra,* 19 B.R. 342....

---

**2.** Debtor's limited partners are scattered throughout the United States.

**3.** We disagree with those courts that consider the location of assets and the necessity for ancillary administration in the event of liquidation irrelevant when determining whether to transfer venue of a chapter 11 reorganization case. *See, In re Willows Limited Partnership,* 87 B.R.

684, 686 (Bankr.S.D.Ala.1988); *In re One–Eighty Investments, Ltd.,* 18 B.R. 725, 729 (Bankr.N.D. Ill.1981). To the contrary, we believe that these factors are important and must be analyzed, especially in the context of a one asset case. *See, In re Oklahoma City Associates,* 98 B.R. at 199–200; *In re Pavilion Place Associates,* 88 B.R. at 36; *In re Nantucket Apartments Associates,* 80 B.R. at 156.

For these reasons, we conclude that movant established by a preponderance of the evidence that this case should be transferred to the Western District of Texas under 28 U.S.C. § 1412.[4]

---

**4.** Debtor relies heavily upon a case recently decided by our colleague, The Honorable David A. Scholl, *In re Strouse Greenberg Properties VI Limited Partnership,* Case No. 90–10151S (Bankr.E.D.Pa. March 2, 1990) (1990 W.L. 19803), to support its position that venue should remain in this district. We find *Strouse Greenberg* distinguishable, however, since in *Strouse Greenberg,* Judge Scholl denied the motion to transfer venue only after he found that the weight of the factors supporting and opposing a transfer of venue were equal. In our case, the factors supporting a transfer of venue (i.e., proximity of the creditors and witnesses, location of the assets, economic administration of the estate and the necessity for ancillary administration should liquidation result) heavily outweigh the only factor that might support a decision that venue should remain in this district (i.e., the location of debtor), *see discussion, supra.* Therefore, we find that the motion to transfer venue should be granted.