**In re Daniel D. USLAR, Debtor.**

**No. 91–20915T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 29, 1991.

Karl E. Friend, Allentown, Pa., for debtor.

Edward J. Gilhooly, Morristown, N.J., for movant.

OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a motion filed by debtor's ex-wife ("movant") requesting that we transfer venue of this case to the District of New Jersey under 28 U.S.C.

§ 1412.[1] Since we find that movant has not her burden of proof, we deny her motion. A brief recitation of the relevant facts follows.

Debtor has resided in this district since late 1989 and all of his personal property is located in this district. The parties' marital residence is located in New Jersey,[2] however, debtor has consented to the mortgagee's request for relief from the automatic stay to foreclose on the residence. Debtor owns stock in Randolph Manufacturing Corporation, a New Jersey corporation, whose assets are located in this district.

Debtor has the following creditors: Chase Home Mortgage Corp., the holder of the mortgage on the parties' marital residence, which is located in Tampa, Florida and holds a secured claim in the approximate amount of $100,000.00; movant, who resides in New Jersey and holds a claim in excess of $300,000.00; Craig Barry, who resides in New Jersey and holds a claim in the amount of $1,100.00; John Schmidt, Esquire, debtor's divorce lawyer, who resides in New Jersey and holds a claim in the approximate amount of $43,000.00 (Mr. Schmidt has filed a pleading indicating that he consents to venue in this district); Second National Bank of Nazareth, which is located in this district and holds a claim in the approximate amount of $360,000.00; Pennsylvania Industrial Development Authority, which is located in Harrisburg, Pennsylvania and holds a claim in the approximate amount of $380,000.00.[3]

■ We begin our analysis by first noting that since debtor has resided in this district for more than 180 days, venue is proper in this district under 28 U.S.C. § 1408. Nonetheless, venue may be transferred to another district under 28 U.S.C. § 1412, in the interests of justice or for the convenience of the parties. The movant bears the burden of proving, by a preponderance of the evidence, that a transfer of venue is warranted under 28 U.S.C. § 1412. *In re Midland Associates*, 121 B.R. 459, 460 (Bankr.E.D.Pa.1990). The factors which must be considered when deciding whether to transfer venue under this section are:

1. the proximity of creditors of every kind to the court; and

2. the proximity of the debtor to the court; and

3. the proximity of the witnesses necessary to administration of the estate to the court; and

4. the location of the assets; and

5. the economic administration of the estate; and

6. the necessity for ancillary administration if liquidation results.

*In re Midland Associates*, 121 B.R. at 460–461; *In re Oklahoma City Associates*, 98 B.R. 194, 199 (Bankr.E.D.Pa.1989). Furthermore, unless the balance is strongly in favor of transferring venue, the debtor's choice of forum should rarely be disturbed. *Windsor Communications Group, Inc. v. Five Towns Stationery, Inc. (In re Windsor Communications Group, Inc.)*, 53 B.R. 293, 296 (Bankr.E.D.Pa.1985).

■ Instantly, we conclude that the balance of the factors does not weigh in favor of transferring venue and that debtor's choice of forum should not be disturbed. In fact, the balance of the factors weigh in favor of retaining venue in this district. Debtor resides in this district and all of the estate assets, with the sole exception of the marital residence which debtor has allowed the mortgagee to foreclose upon, are located in this district. Three of debtor's creditors are located in New Jer-

---

1. As debtor has resided in this district for more than 180 days, movant concedes that venue is proper in this district under 28 U.S.C. § 1408.

2. Prior to debtor's bankruptcy filing, the New Jersey court presiding over the parties' divorce awarded the marital residence to debtor but required that debtor pay movant one-half of the equity in the marital residence.

3. Movant argues that the Second National Bank of Nazareth and the Pennsylvania Industrial Development Authority are secured creditors and that this fact militates in favor of transferring venue to the District of New Jersey. We fail to see how the secured vs. unsecured status of a creditor bears any relevance to the question of venue. In fact, one of the factors which must be considered when making a decision on a motion to transfer venue under 28 U.S.C. § 1412 is "[t]he proximity of creditors of *every kind* to the [c]ourt ..." *In re Oklahoma City Associates*, 98 B.R. 194, 199 (Bankr.E.D.Pa.1989). (emphasis supplied).

sey. However, one of these creditors holds a relatively small claim and another has consented to venue in this district. Two of debtor's creditors are located in Pennsylvania and one, the mortgagee, is located in Florida. No evidence was presented by either party concerning the location of necessary witnesses. After reviewing the evidence, we conclude that movant has not met her burden of proof and that venue should remain in this district.[4]

An appropriate order follows.

### ORDER

AND NOW, this 29th day of August, 1991, it is ORDERED that the motion filed by Mary Beth McAllister requesting a transfer of venue under 28 U.S.C. § 1412 to the District of New Jersey is DENIED.

---

4. Movant strenuously argues that venue should be transferred to New Jersey because the resolution of her complaint objecting to the dischargeability of the debt owed to her under 11 U.S.C. § 523(a)(5) will depend upon the interpretation of New Jersey's domestic relations law. While it may be true that the resolution of movant's § 523(a)(5) complaint may hinge upon the interpretation of New Jersey law, we simply do not believe that this fact requires a finding that venue of the entire bankruptcy case be transferred to New Jersey under 28 U.S.C. § 1412. To the contrary, other factors relating to the interests of justice and the convenience of the parties must be considered. Finally, we note that movant's concern regarding the resolution of her § 523(a)(5) complaint and its dependency upon the interpretation of New Jersey law are concerns more appropriately raised in the context of a motion to abstain under 28 U.S.C. § 1334(c)(1).