In re The WILLOWS LIMITED PARTNERSHIP, Debtor.

Bankruptcy No. 88–0535.

United States Bankruptcy Court, S.D. Alabama, S.D.

June 7, 1988.

Mark D. Hildreth, George W. Finkbohner, Jr., Mobile, Ala., for Anchor Sav. Bank.

Romaine S. Scott, III, John S. Bowman and W. Joseph McCorckle, Birmingham, Ala., for debtor.

## ORDER

GORDON B. KAHN, Chief Judge:

This matter having come on for hearing upon the motion of Anchor Savings Bank, F.S.B. for change of venue; due notice of said hearing having been given; and John S. Bowman, Romaine S. Scott, III, and W. Joseph McCorckle, Jr. having appeared for the debtor; and Mark D. Hildreth and George W. Finkbohner having appeared for Anchor Savings Bank; and arguments and evidence having been presented; now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

1. Debtor, The Willows Limited Partnership ("The Willows"), is an Alabama limited partnership with its principal place of business in Selma, Alabama.

2. The debtor's general partner, Thomas R. Boyd, is a resident of Selma, Alabama. Eighteen of the 19 limited partners reside in Alabama.

3. The books of the debtor, the debtor's accountant, and all persons involved in the management of the partnership are located in Alabama.

4. Those individuals essential to the effective reorganization of the debtor are located in Alabama.

5. The most efficient and economical administration of this estate is in this District.

6. Four of the debtor's five (5) unsecured creditors are located in Alabama. The debt owed the remaining unsecured creditor, KRM Realty Co. of Tallahassee, Florida, is disputed.

7. The debtor lists two secured creditors in its schedules: Anchor and The Peoples Bank and Trust Company. The Peoples Bank is located in Selma, Alabama, holds a second mortgage on the apartment complex, and has filed a response in opposition to Anchor's motion for change of venue.

8. The debtor's sole asset, The Willows apartment complex, is located in Tallahassee, Florida.

9. Movant Anchor Savings Bank, F.S.B. ("Anchor"), is a New York corporation with its principal place of business in New York City. Movant does business in New York, New Jersey, Georgia and Florida and has a branch office in Tallahassee, Florida. Testimony indicates that Anchor may service loans in Alabama.

## CONCLUSIONS OF LAW

Cases under Title 11 may be commenced in the district where the debtor is domiciled, resides, has its principal place of business or has its principal assets. 28 U.S.C. Sec. 1408. This forum selection provision affords the debtor the opportunity to select where a bankruptcy case will be administered; however a case *may* be transferred to another district if a transfer would be "in the interest of justice or for the convenience of the parties." 28 U.S.C. Sec. 1412. Because a motion has been filed to transfer venue, the Court must consider whether venue is proper in this district and if a transfer is warranted.

VENUE.

When the debtor is a partnership, limited or general, the courts have addressed the following factors in determining whether the debtor's choice of venue is proper:

a. the location of the debtor's principal assets,

b. the debtor's domicile,

c. the debtor's principal place of business.

There is usually little difficulty in determining the location of the debtor's principal assets; however, the determination of a partnership's domicile and principal place of business requires greater inquiry.

In establishing the location of a partnership's domicile or principal place of business, the courts have generally viewed partnerships in much the same manner as corporations. Thus it has been held that a partnership's domicile is in the state where the partnership was created. *In re Spicer Oaks Apartments*, 80 B.R. 142 (Bkrtcy.E.D.Mo.1987); See *Matter of Landmark Capital Co.*, 19 B.R. 342 (Bkrtcy.S.D.N.Y. 1982).

The location of a partnership's principal place of business is a question of fact, *Matter of Landmark Capital Co., supra*, and in making that determination the courts look to "the place where the debtor makes its major business decisions." *Matter of Landmark Capitol Co., supra; New Hampshire Avenue Associates*, 85 B.R. 298, (Bkrtcy.E.D.Pa.1988), *In Re Greenridge Apartments*, 13 B.R. 510 (Bkrtcy.D.Hawaii 1981). This principle applies regardless of the location of the debtor's principal assets. *New Hampshire Avenue Associates, supra; Matter of Landmark Capitol Co., supra; In Re Greenridge Apartments, supra*. While there is authority to the contrary, See *In re Nantucket Apartments Associates*, 80 B.R. 154 (Bkrtcy.E.D.Mo.1987), this Court believes that its decision is in accord with the weight of authority. *See New Hampshire Avenue Associates, supra*.

The debtor is an Alabama limited partnership and all major decisions concerning the partnership and its operation of the apartment complex are made in Selma, Alabama. The Court therefore concludes that the debtor's domicile and principal place of business are within this district. The debtor's choice of venue is appropriate under 28 U.S.C. Sec. 1408. Since venue is appropriate the motion to transfer venue will be considered.

TRANSFER OF VENUE.

Pursuant to 28 U.S.C. Sec. 1412 the Court may transfer a case "in the interest

of justice or for the convenience of the parties." The burden of proof that a change of venue is warranted is on the movant and that burden must be carried by a preponderance of the evidence. *In re Butcher,* 46 B.R. 109 (Bkrtcy.N.D.Ga.1985). The cases indicate that "the court should exercise its power to transfer cautiously." *Matter of Commonwealth Oil Refining Co., Inc.* 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (hereinafter cited as *CORCO* ).

The following factors have been considered to determine whether a change of venue is appropriate:

1. The proximity of creditors of every kind to the Court;
2. The proximity of the bankrupt to the Court;
3. The proximity of the witnesses necessary to the administration of the estate;
4. The location of the assets;
5. The economic administration of the estate;
6. The necessity for ancillary administration if bankruptcy should result.

*CORCO, supra,* 596 F.2d at 1247. *See* 1 *Collier on Bankruptcy,* P. 3.02(4)(C)(1) (15th ed. 1987).

These factors as applied to this case are:

1. *The proximity of creditors of every kind to the Court.*

The majority of the creditors in number are located in Alabama. The largest creditor in amount, Anchor, is a New York corporation that does business in Florida; however, all decisions regarding Anchor's loan to the debtor are made in New York.

2. *The proximity of the bankrupt to the Court.*

The debtor is an Alabama limited partnership with its principal place of business in Selma, Alabama.

3. *The proximity of the witnesses necessary to the administration of the estate.* No matter which venue is selected some witnesses will be inconvenienced.

4. *The location of the assets.*

Although the debtor's principal asset, The Willows, is located in Tallahassee, Florida, the debtor's major business decisions are made, and its records and books are located in Selma, Alabama. The fact that the debtor's sole asset is in Florida "is of little importance in a Chapter XI proceeding where the goal is rehabilitation, not liquidation." *CORCO, supra,* 596 F.2d at 1258. *See In Re Butcher, supra.*

5. *The economic administration of the estate.*

The most important consideration in determining whether transfer of venue is appropriate is whether the transfer would promote the economic and efficient administration of the estate. *CORCO, supra,* 596 F.2d at 1247. *Matter of Windtech,* 73 B.R. 448 (Bkrtcy.D.Conn.1987); *In Re Butcher, supra.* "The heart of a Chapter XI proceeding is working up a financial plan of arrangement acceptable to all relevant parties," *CORCO,* supra, 596 F.2d at 1247, and the persons charged with that responsibility, principally the debtor's general partner, are located in Selma, Alabama. Accordingly, the most economical administration of this estate is in this District.

6. *The necessity of ancillary administration if bankruptcy should result.*

As the Fifth Circuit Court of Appeals recognized in *CORCO, supra,* 596 F.2d at 1247, "anticipation of the failure of the Chapter 11 proceeding is an illogical basis upon which to predicate a transfer."

Upon consideration of all of the above factors, the Court concludes that Anchor has failed to show by a preponderance of the evidence that the transfer of this bankruptcy proceeding to the Northern District of Florida is in the interest of justice or for the convenience of the parties. The most efficient and economic administration of this estate appears to be in this District and the motion for transfer of venue is due to be denied; now therefore, it is

ORDER

ORDERED that the motion of Anchor Savings Bank, F.S.B., for change of venue

to the Northern District of Florida, be and it hereby is, DENIED.