In re STEELE CATTLE, INC., Debtor.

In re Max Gwaine STEELE and Sharon Kay Steele, Debtors.

In re Larry Dale STEELE and Arlyce June Steele, Debtors.

In re STEELE FARMS, a Partnership, Debtor.

Civ. A. Nos. 88–1288–K to 88–1291–K.

United States District Court, D. Kansas.

Oct. 21, 1988.

Dan E. Turner, Phillip L. Turner, Topeka, Kan., Greg Pottorff Turner and Boisseau, Overland Park, Kan., for debtor.

William F. Kluge, III, Lambdin, Kluge & Zacharias, Wichita, Kan., for First Nat. Bank of Wichita.

Victor S. Nelson, Morrison, Hecker, Curtis, Kuder & Parrish, Wichita, Kan., for John Hancock Mut. Life Ins. Co.

William H. Zimmerman, Jr., Wallace, Dewey & Zimmerman, Wichita, Kan., for Denny Krist.

Martin W. Bauer, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for Metropolitan Life Ins. Co.

Brian E. Sullivan, Wichita, Kan.

U.S. Trustee by Joyce Owen, Wichita, Kan.

Bruce J. Woner, Topeka, Kan.

Mary E. May, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan.

J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Wichita, Kan.

J. Michael Morris, Wichita, Kan.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The debtors in four consolidated bankruptcy appeals challenge the bankruptcy court's order transferring their cases from Topeka to Wichita. The court heard oral argument on the appeal on September 26, 1988, but reserved ruling at that time. After reviewing the arguments and examining the briefs and supporting documentation filed by the parties, the court is now prepared to rule. For the reasons discussed below, the court affirms the bankruptcy court's order of intra-district transfer.

The relevant facts are as follows:

The debtors (Max and Sharon Steele, Steele Cattle, Inc., Larry and Arlyce Steele, and Steele Farms, a partnership) filed voluntary Chapter 11 petitions in the bankruptcy court in Topeka on March 10, 1988. Simultaneous with the filing of the petitions, debtors filed a motion to stay transfer of the proceedings from Topeka to Wichita, together with a motion for expedited hearing. Judge Pusateri issued an *ex parte* order granting the motion to stay transfer on March 14, 1988.

On March 17, 1988, the First National Bank of Wichita, a creditor, moved to transfer the cases to Wichita. Motions to reconsider the bankruptcy court's order staying transfer and motions in support of transfer were filed by other parties, including John Hancock Mutual Life Insurance Company and the United States Trustee.

A hearing on the motions to transfer took place before Judge Pusateri on April 1, 1988. On April 20, 1988, Judge Pusateri entered an order transferring venue of the debtors' bankruptcy cases to Judge Pearson in Wichita.

Before examining the debtors' grounds for appeal of the transfer order, the court initially considers the appellees' argument that this appeal should be dismissed because transfer of venue orders in bankruptcy cases are interlocutory in nature and thus are not appealable orders.

This court has jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). Thus, whether Judge Pusateri's order in this case is appealable depends upon (1) whether the order transferring venue is interlocutory, and (2) if so, whether this court should grant leave to appeal the interlocutory order.

The Tenth Circuit answered the first question affirmatively in *In re Dalton*, 733 F.2d 710 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985). In *Dalton*, the court held that an order transferring venue in an action, even if the transfer is to a district in another circuit, is an interlocutory order and unappealable except by certification under 28 U.S.C. § 1292(b). The court in *Dalton* dismissed the appeal because the district court had not certified the question to the appellate court.

■ While the instant case must be interpreted somewhat differently as it involves an appeal to the district court from the bankruptcy court rather than an appeal to the circuit court from the district court, the holding of *Dalton* is applicable here—that being that orders transferring venue are interlocutory in nature. However, this case differs from *Dalton* in that this court does not need "certification" of the issue from the lower court. Rather, an interlocutory order from the bankruptcy court is appealable "with leave of the court," pursuant to 28 U.S.C. § 158(a). Moreover, while the debtors in this case have not requested leave to appeal, Bankruptcy Rule 8003(c) provides that the notice of appeal may be treated by the district court as a motion for leave to appeal. The rule further provides that the district court may either grant leave to appeal, require that a motion for leave be filed, or deny leave to appeal. It is thus within the court's discretion whether to grant debtors' leave to appeal in this case.

The reasoning of a leading bankruptcy treatise is instructive on this issue:

> The discretion of the district court or appellate panel [to permit interlocutory appeals of orders changing venue] should be more readily obtained when an order regarding the venue of a title 11 case is concerned than in an appeal from a venue order in a civil proceeding. Unlike a civil proceeding in which the order regarding venue can be appealed at the conclusion of the proceeding, there is a very small chance of success on an appeal which is taken after the title 11 case has been administered and closed, which may be the only time when an order regarding venue becomes a final order. The appellate panel or district court should recognize this, and be more inclined to grant the interlocutory appeal when a motion regarding venue of the case is involved.

1 COLLIER ON BANKRUPTCY ¶ 3.02[f] (L. King 15th ed. 1988).

Accordingly, debtors are granted leave to appeal the transfer order, and the court now considers the merits of debtors' appeals.

This court is bound by the factual findings of the bankruptcy court unless they are clearly erroneous. However, the legal conclusions of the bankruptcy court are subject to *de novo* review by this court. *In re Herd,* 840 F.2d 757, 759 (10th Cir.1988); *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986).

Debtors' arguments on appeal center upon the lawfulness of Judge Pusateri's application of an "administrative policy" to the instant case. Specifically, the debtors contest application of a policy adopted by the bankruptcy judges in this district which provides that cases filed in Topeka by debtors residing in certain Kansas counties will be assigned and forwarded to the Wichita division. The debtors in this case reside in Greeley County, one of the counties from which cases are to be assigned to Wichita.

Debtors argue that Judge Pusateri improperly used this administrative policy as the basis for transferring their cases to Wichita. Debtors contend Judge Pusateri failed to make findings of fact regarding the basis for the transfer to Wichita, and further, that Judge Pusateri improperly shifted the burden of proof to the debtors, requiring them to point the court to factors which supported denial of transfer.

■ The court finds debtors' arguments unpersuasive for several reasons. First, a careful examination of Judge Pusateri's transfer order reveals that he did not rely solely upon the court's "administrative policy" in transferring debtors' cases to Wichita. Rather, the bankruptcy court first noted that under 28 U.S.C. § 1404(a), the court may transfer venue of a case " '[f]or the convenience of parties and witnesses, in the interest of justice.' " (Order of Intra–District Transfer, p. 3.) 28 U.S.C. § 1404(a) is substantially similar to Bankruptcy Rule 1014(a), which authorizes a bankruptcy court to transfer a case to another district "if the court determines the transfer is in the interest of justice or for the convenience of the parties." Judge Pusateri further noted that some of the factors a court should consider in deciding whether to transfer venue are: "location of the creditors; location of the debtors; location of witnesses; location of debtor's assets; and

which forum would provide for the most efficient and economical administration of the cases." (Order, p. 2, citing *In re: Pickwick Place Ltd., Partnership*, 63 B.R. 290 (Bankr.N.D.Ill.1986)).

Judge Pusateri did not simply mention these factors and then apply the administrative rule. Instead, he considered the various factors, as well as the purpose behind the administrative rule, and ultimately concluded "the interests of justice would be served for all parties involved if these cases were heard in Wichita." (Order, p. 4.) Specifically, Judge Pusateri made the following findings:

> The administrative policy dictating that certain cases be filed in Wichita was based on the recognition that most debtors from the southwest portion of the state must drive through Wichita to get to Topeka. In this case, debtors are in a border county and the proximity of I-70 makes the drives to Wichita and Topeka nearly equi-distant. Two of the major creditors are the Government and a nationwide entity, both of which can conveniently litigate in either forum. These factors are thus both neutral to the court's decision of whether this case should be transferred.

> On the other hand, two of the major creditors have strong ties with Wichita, one being a Wichita Bank and the other having instigated litigation here. By contrast, debtors have no ties with Topeka other than the fact that one of their counsel is here.

(Order, pp. 3-4).

While it is true that Judge Pusateri did find that debtors "should bear some burden of showing some valid reason to override the administrative policy," he did not place or shift the entire burden on debtors, but rather, merely noted that the factors weighing in favor of transfer outweighed those submitted by debtors.

Admittedly, Judge Pusateri's order is somewhat confusing regarding the effect of the court's "administrative policy." It appears to this court, however, that Judge Pusateri considered the reasons behind the administrative policy (e.g., convenience to parties and creditors) as factors to be considered in determining whether transfer is warranted. In any event, the bankruptcy court clearly made findings of fact with respect to the various factors to be considered in determining whether to transfer a case and relied on these findings in concluding that the motion to transfer should be granted. Since these findings have not been shown to be clearly erroneous, the bankruptcy court's order of intra-district transfer must be affirmed.

As a final matter, the court notes that debtors also contend the administrative rule requiring that bankruptcy cases from certain counties be heard in Wichita is an unconstitutional violation of the due process clause of the Fifth Amendment and of separation of powers. As noted by appellees, debtors' brief on this issue is entirely "unencumbered by authority." Moreover, in light of the court's finding that the bankruptcy court did not rely solely upon the "administrative policy," but rather, properly considered the various factors relevant to a decision regarding transfer, this issue is rendered moot.

IT IS ACCORDINGLY ORDERED this 21 day of October, 1988, that the bankruptcy court's order transferring debtors' cases to Wichita is affirmed, and the cases are remanded to Judge Pearson.