In re Timothy S. BRUMLIK, SS #422–60–1280, and Patricia Brumlik, SS #591–18–3253, Debtors.

Timothy S. BRUMLIK and Patricia Brumlik, Plaintiffs,

v.

UNITED STATES of America, Defendant.

91–68–ALB/AMER(DF).
Bankruptcy No. 91–10297–JTL.
Adv. No. 91–1031–JTL.

United States District Court,
M.D. Georgia,
Albany Division.

Sept. 19, 1991.

William James Reedy, Shereen M. Walls, Karen F. White, Atlanta, Ga., for plaintiffs.

Lillian H. Lockary, Macon, Ga., Michael N. Wilcove, Dept. of Justice, Washington, D.C., for defendant.

## ORDER

FITZPATRICK, District Judge.

Timothy and Patricia Brumlik, debtors, filed a voluntary Chapter 11 petition for bankruptcy protection in the Middle District of Georgia. After some of their property had been seized by the Internal Revenue Service and their cash equivalents levied upon, they filed an adversary proceeding to have these items returned to them. The bankruptcy court, Honorable John T. Laney, III, presiding, granted the relief the debtors sought, and the government now appeals. The debtors seek leave to appeal and a stay of Judge Laney's subsequent decision to transfer this case to the Middle District of Florida. On appeal, the bankruptcy court's findings of fact are not to be set aside unless clearly erroneous, but conclusions of law may be examined freely. *In re Rainwater,* 124 B.R. 133, 135 (M.D.Ga.1991).

### I. ANALYSIS

The debtors filed their Chapter 11 bankruptcy petitions in this district on April 9, 1991. On May 6, the United States moved to dismiss and change venue to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, and a hearing was held on June 3. On June 14, 1991, the bankruptcy court entered an order denying the government's motion to dismiss regarding Patricia Brumlik and granting the motion to change the venue of this case to Florida. The debtors filed a notice of appeal on June 24, but did not file a motion for leave to appeal until July 19, 1991. This case was received by the Florida bankruptcy court on July 15.

#### 1. The Motion for Leave to Appeal

The debtors have filed a motion for leave to appeal the bankruptcy court's transfer of this case to Florida. The government has replied that the motion should be disregarded as untimely, that the

transfer of the case to Florida moots any possible appeal and that interlocutory review is unwarranted. The court disagrees.

The Bankruptcy Rules provide as follows:

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

Bankruptcy Rule 8003(c). The debtors' notice of appeal was filed within ten days of the bankruptcy court's order, therefore Rule 8003(c) entitles this court to grant leave for appeal.

■ The government has also argued that the physical transfer of the case file to Florida moots the appeal. This argument is attractive but inapplicable, since the court has elected to treat the filing of the notice of appeal as one for leave to appeal, which was done three weeks before the actual transfer. Once jurisdiction is properly obtained by an appellate court, it is not ended by a subsequent transfer of the case. *Lou v. Belzberg,* 834 F.2d 730, 733 (9th Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); *Starnes v. McGuire,* 512 F.2d 918, 924 n. 6 (D.C.Cir. 1974). (Both of these cases concerned 28 U.S.C. § 1404; the relevant bankruptcy statute, 28 U.S.C. § 1412 (West Supp.1991), does not differ in any way which would undermine the court's reliance on these cases.)

■ Finally, the government argues that the standards for granting an interlocutory review have not been met. It reasons that the debtors have not shown that the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion and (3)

that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Delaware and Hudson Ry. Co.,* 96 B.R. 469, 473 (D.Del.), *aff'd,* 884 F.2d 1383, 1384 (1989). The government is probably correct in this contention, but the court prefers to apply the less stringent standard of *In re Steele Cattle, Inc.,* 101 B.R. 263 (D.Kan.1988), where the court held that an appeal of an order changing venue should be more readily heard in a title 11 case since there is a small chance of success on an appeal taken after the case has been administered and closed, which could be the only time when an order regarding venue becomes final. *Id.* at 265. This appeal to practicality is more persuasive than the test cited by the government.

For the reasons given above, the court will grant the debtors' motion for leave to appeal.

## 2. The Motion for Stay Pending Appeal

■ The debtors wish this court to grant a stay pursuant to Bankruptcy Rule 8005 stopping the transfer of this case to Florida. The grant of a motion to stay a trial court's order can be done only upon a showing of four factors: (a) that the movant is likely to prevail on the merits on appeal; (b) that absent a stay the movant will suffer irreparable damage; (c) that the adverse party will suffer no substantial harm from the issuance of the stay; and (d) that the public interest will be served by issuing the stay. While the first factor is ordinarily the most important, a stay can be granted upon a lesser showing of a substantial case on the merits when the balance of the equities given in factors (b), (c) and (d) weighs heavily in the movant's favor. *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.), *cert. denied, Ferrer–Mazorra v. Meese,* 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986). Since this test is usually applied to injunctions, the debtors urge that Rule 8005 allows them to met a lower standard since it permits greater flexibility in bankruptcy cases. This claim need not be discussed in depth, however, since the arguments for denying the re-

quested stay are overwhelming by any standard.

### (a) A likelihood of Success on the Merits

The debtors stand practically no chance of showing that the change of venue was inappropriate. The bankruptcy judge was satisfied that the United States showed by a preponderance of the evidence that the change was appropriate, a decision which this court could overrule only upon a showing of a clear abuse of discretion. *In re Willows Ltd. Partnership*, 87 B.R. 684, 685–86 (Bkrtcy.S.D.Ala.1988); *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). The following factors are used to determine if a transfer is appropriate:

1. The proximity of creditors of every kind to the Court;
2. The proximity of the bankrupt to the Court;
3. The proximity of the witnesses necessary to the administration of the estate;
4. The location of the assets;
5. The economic administration of the estate (the most important factor); and
6. The necessity for ancillary administration if bankruptcy should result.

*Willows Ltd. Partnership*, 87 B.R. at 686.

Regarding factors 1, 3 and 4, the parties are at odds over whether most of the creditors, witnesses and assets are in the Middle District of Florida or close to it. Even if this court were to accept the debtor's contentions that most of these are outside that district, enough creditors, witnesses and assets remain in Florida to uphold the bankruptcy judge's decision. This court is not allowed to overrule the bankruptcy judge merely because it might reach a different decision; there must be a clear abuse of discretion which is absent here.

The only factor conceivably arguing in favor of the debtors is factor 2, since debtor Timothy Brumlik is presently incarcerated in Talledega, Alabama, which is certainly closer to Georgia than the Middle District of Florida. This consideration, however, is entitled to little weight, since the party responsible for his being jailed is Mr. Brumlik himself. The government has a right to determine where to hold its prisoners, and it seems incongruous for Mr. Brumlik to complain of a decision which inconveniences him but is the result of his own wrongdoing.

The debtors have also argued that the economic administration of the estate (factor 5) is best served in Georgia. This argument must be rejected since, as discussed above, there is adequate reason to uphold the bankruptcy judge's conclusion that enough creditors, witnesses and assets are located in Florida to justify transferring the case to that state. The debtors also claim that the "learning curve" of the bankruptcy court argues against a transfer by reasoning that the bankruptcy judge has become so familiar with the case that a transfer will delay its final resolution. See, *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2nd Cir.1990). If there is any consideration which is totally with the bankruptcy judge's discretion, surely it is whether he has developed such extensive knowledge of a case as to make a transfer unjustified. The fact that he approved the transfer shows that he felt he had not. Additionally, the added expense to the debtors and their counsel of appearing in Florida is not enough to render the decision to transfer the case to that state erroneous.

This court agrees with the court in *Willows Ltd. Partnership*, 87 B.R. at 868, that factor 6, the possibility of this reorganization being converted into a liquidation, should not be considered in deciding on a transfer. Given that the other factors argue so greatly in favor of a transfer, however, the possibility that the bankruptcy judge may have considered this factor is of no importance.

It cannot be said that the decision of the bankruptcy court was an abuse of discretion, meaning that the debtors have no likelihood of success on the merits.

### (b) Irreparable Damage

As mentioned above, a showing by the movants that the balance of the equities of factors (b), (c) and (d) weighs in their favor

can justify the granting of a stay despite the lack of likely success on the merits.

The irreparable harm the debtors claim they will suffer without a stay is that Mr. Brumlik is incarcerated far away from Florida and that they will have to incur the expense of obtaining local counsel in that district. These arguments are without merit. The debtors argument that the change of venue eliminates any chance of Mr. Brumlik participating in the bankruptcy proceedings could apply equally to this district as well as to the Middle District of Florida. Presumably, if Mr. Brumlik's presence is required either to protect his interests or those of the estate, the debtors or the bankruptcy court could request that an order to produce be issued from the appropriate Florida district court, which would require the government to bring Mr. Brumlik to Florida. The expense of hiring local counsel is not an irreparable harm. Debtors' counsel could appear *pro hac vice* in the Florida bankruptcy court. Any inconvenience to counsel is not a factor to be considered. *Minstar, Inc. v. Laborde*, 626 F.Supp. 142, 146 n. 18 (D.Del.1985).

### (c) Substantial Harm to the Opposing Party

Whether the United States would suffer "substantial" harm from the granting of a stay is open to question, but need not be resolved given the court's holdings on the other factors.

### (d) Public Interest

The public interest is best served by a speedy and efficient resolution of this case. Since the file is already in Florida, there is no need to delay matters further by bringing this matter back into Georgia. The Florida bankruptcy court should be allowed to begin its work on this petition.

The debtor's motion for a stay must be denied. They have failed to meet the test given in *Garcia–Mir*, 781 F.2d 1450, either in its complete or diluted form. The application of Rule 8005 would not affect this decision, since the same factors discussed above would be used in making a determination under that rule.

### 3. The Appeal by the United States

■ On July 3 of this year this court denied the government's emergency motion for a stay pending appeal of the bankruptcy court's order that certain property be turned over to Mrs. Brumlik. The turnover motion was an adversarial proceeding separate from the bankruptcy case below.

In the present appeal the government has contended, among other things, that it was blindsided by the timing of the turnover hearing, which took place just eight days after the petition was filed and a week after the U.S. Attorney was served. After reviewing the transcript of the May 6 hearing on the government's motion for a continuance, this court can appreciate the bankruptcy judge's desire to expedite proceedings on the turnover petition and consider it before the motion to change venue. This, plus the fact that some of the property in question had been seized for almost a year and Mrs. Brumlik was in financial difficulty, makes it understandable why the hearing was held too soon.

These circumstances, however, do not make the decision a correct one. A mere week was simply not enough time for the government to prepare its case. Bankruptcy Rule 7001 provides that an action to recover property is an adversary proceeding. The rest of Part VII of the Rules incorporates parts of the Federal Rules of Civil Procedure including Rule 7012, which allows a defendant thirty days to answer a complaint unless a different time is set by the court. Rules 7030 through 7036 allow for the full range of discovery available in civil cases before this court. This court does not mean to state that there should be some hard or fast rule as to when bankruptcy hearings should be set, but the notice afforded to the government in this case of an *adversary proceeding* was plainly inadequate where the Rules normally allow thirty days to provide an answer and a full range of discovery.

■ The effect of this was demonstrated by the events at the hearing. The appellees presented an expert who testified

as to the value of some of their real property after having visited it three times. (Trans. p. 19). The government, by contrast, had too little time to procure an expert of its own or to conduct discovery so as to more effectively cross-examine the appellees' expert. In an adversary proceeding, the denial of time to complete discovery can be presumed to prejudice a litigant's rights.

This conclusion is supported by *In re Ferguson*, 67 B.R. 246 (D.Kan.1986), where a complaint for a turnover was filed and served, but no answer was filed. The parties and the bankruptcy court treated the matter as a simple motion, which the district court found to be incorrect, specifically stated that "the case should not have moved forward without an answer to the complaint, let alone gone to judgment without discovery, pre-trial proceedings, or a trial." The district court did not reverse, however, finding instead that the bankruptcy court's procedural mistakes were harmless errors that did not affect the rights of the parties. The court expressly said that it would have vacated the judgment had the errors prejudiced one of the parties. *Id.* at 250. In the case at bar, both the appellees and the bankruptcy court appear to have failed to treat the petition as an adversary proceeding. The hearing was held before the government's time to answer had run and before any discovery or pre-trial proceedings were conducted. As stated above, this court believes that these procedural errors definitely prejudiced the government's rights. Likewise, the court disagrees with the appellees' assertion that the government had adequate notice since their counsel contacted the IRS' District Counsel after the turnover petition was filed in an attempt to negotiate. This fact had no bearing on the timing of the hearing. Although the court can sympathize with Mrs. Brumlik's hardships, this cannot justify bringing the government into court without time to prepare its case.

Since the notice provided to the government for an adversary proceeding was inadequate, this court has no choice but to vacate the turnover order issued by the bankruptcy judge. There is no need to address the government's other contentions on appeal.

## II. CONCLUSION

The debtors' motion for leave to appeal is GRANTED. Their motion for a stay pending appeal is DENIED. The court agrees with the government's claim that it had inadequate notice of the turnover hearing, and so the bankruptcy court's order returning certain property and cash equivalents is VACATED.

SO ORDERED.