In re DALE MABRY PROPERTIES, LTD.

No. 92–1379–CIV–T–23B.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 2, 1992.

Allan C. Watkins, Tampa, FL, for Dale Mabry Properties, Ltd.

Douglas Paul McClurg, Hill, Ward & Henderson, P.A., Tampa, FL, for 1740 Ventures.

Robert Lamar Barnes, Jr., Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, FL, for Creditors Committee.

## ORDER

MERRYDAY, District Judge.

Pending appeal to this Court, the debtor requests a stay of the Bankruptcy Court's order dismissing the debtor's Chapter 11 petition. The Bankruptcy Court dismissed debtor's petition due to the debtor's filing the petition in bad faith and with an intent to abuse the judicial process. The Bankruptcy Court subsequently denied the debtor's request for a stay of the order of dismissal. The debtor then filed in this Court an emergency motion for a stay. The debtor's request for an emergency hearing resulted in oral argument on October 8, 1992.

*Background Facts*

In June, 1987, the debtor executed a promissory note for the principal sum of $7,500,000 and delivered the note to Mutual Life Insurance Company of New York ("MONY"), the predecessor in interest to the current secured creditor, 1740 Ventures, Inc. The note was secured by a mortgage on the Days Inn Motel and an accompanying restaurant property, both of which are located on Dale Mabry Highway in Tampa, Florida. The motel and accompanying restaurant are the sole asset of the debtor. The debtor defaulted on the note in 1988 and MONY commenced a foreclosure action in state court. In 1989, MONY and the debtor entered into a forbearance agreement under which MONY deferred foreclosure for 18 months in return for the debtor's agreement to pay both interest on the debt and taxes on the property. The debtor was to bring the loan current and resume payments (somewhat reduced) at the end of the 18 months. The agreement entitled MONY to immediate foreclosure if the debtor again defaulted. The debtor waived its right to bankruptcy protection and agreed that a petition for bankruptcy would be deemed a bad faith filing.

The debtor failed to pay the taxes and failed to bring the loan current after 18 months. MONY filed a motion in state court for a final judgment of foreclosure. On the morning the state court was to hear MONY's motion, the debtor filed a petition in Bankruptcy Court for Chapter 11 protection. Since November, 1991, the debtor has operated its business as a debtor in possession, pending the Bankruptcy Court's confirmation of the plan. Under the plan, the debtor has been making monthly protection payments of $60,000 to the secured creditor, 1740 Ventures, Inc. The secured debt currently totals over $8,000,000. More than two years of real estate taxes are unpaid. The unsecured debt is approximately $250,000.

*Legal Analysis*

In considering whether a stay pending appeal should issue, the Court must apply four criteria:

(1) Whether the movant has made a showing of likelihood of success on the merits;

(2) Whether the movant has made a showing of irreparable injury if the stay is not granted;

(3) Whether the granting of the stay would substantially harm the other parties; and

(4) Whether the granting of the stay would serve the public interest.

*In Re First South Savings Ass'n*, 820 F.2d 700, 704 (5th Cir.1987). Under the first element, the movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A, 1981). The debtor maintains that a serious legal question exists because the

courts apply inconsistent standards for determining bad faith.

■ The debtor describes several tests used to identify bad faith bankruptcy filings. These tests employ either a subjective bad faith standard, an objective futility standard, or some hybrid standard. Specifically, the debtor argues that the Bankruptcy Court's dismissal is questionable under *In re Albany Partners*, 749 F.2d 670 (11th Cir.1984), in which the Court considered both the debtor's subjective intent and the futility of the reorganization. This combination of factors, asserts the debtor, is used by a number of other circuit courts and bankruptcy courts. Thus, the debtor maintains that the issue of bad faith raises a serious legal question for appeal.

However, the debtor mistakes the standard. The Eleventh Circuit has more recently ruled that "the prospects of a successful reorganization do not override, as a matter of law, the finding of bad faith ... or compel, as a matter of fact, a contrary finding," and "[t]he possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith." *In re Phoenix Piccadilly*, 849 F.2d 1393, 1294–95 (11th Cir.1988). Thus, the Eleventh Circuit has determined that the intent of the debtor is the capital issue for consideration. The Eleventh Circuit's pronouncement in *Phoenix Piccadilly* leaves for determination no serious legal question.

■ To overturn the bankruptcy court's factual findings of bad faith, this Court must find that they are clearly erroneous. *Phoenix Piccadilly*, 849 F.2d at 1394. *See also*, Rule 8013, *Federal Rules of Bankruptcy Procedure*. Section 1112(b) permits the court to dismiss a petition for reorganization "for cause." To that end, the court may review all of the circumstances of the case to determine whether the petition was filed in bad faith. See *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984). Although no single evidentiary fact decides the question, *Matter of Loeb Apartments, Inc.*, 89 F.2d 461 (7th Cir.1937), the Eleventh Circuit has identified a number of factors to assist the courts:

(i) The Debtor has only one asset, the Property, in which it does not hold legal title;

(ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of Secured Creditors;

(iii) The Debtor has few employees;

(iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;

(v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

(vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

849 F.2d at 1393; See also 5 Collier on Bankruptcy § 1112.03(3), n. 49 (15th ed., 1992) (providing examples of specific facts from cases dismissed for bad faith filing). The facts before this Court and before the Bankruptcy Court support the court's findings of bad faith: the motel and property are essentially the only assets of the debtor; the dispute is essentially between the debtor and the secured creditor; the unsecured debt is approximately $350,000, while the secured is over $8,000,00; the debtor has failed to pay real estate taxes for two years; the debtor filed a petition for relief under Chapter 11 on the day the creditor's motion for final judgment of foreclosure was scheduled for hearing in the state court; and the debtor agreed not to file for bankruptcy protection under the 18–month forbearance stipulation. Thus, the debtor is highly unlikely to succeed on the argument that the Bankruptcy Court's findings are clearly erroneous.

■ Even assuming a serious legal question exists, the debtor has not met its additional burden of showing that the "balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A, 1981). The debtor contends that under the current

plan, the debtor is operating a viable business, creating jobs, and satisfying its creditors, both secured and unsecured, with protection payments. If the Court denies the stay, argues the debtor, the debtor, its employees, and its unsecured creditors will suffer "devastating harm." Because the debtor might continue to make protection payments and might agree to an increase in the monthly payments of at least $6,000.00, the debtor believes the harm to 1740 Ventures is sufficiently reduced so that the balance of equities tips significantly in the debtor's favor. Again, this Court is not persuaded by the debtor's argument. This loan has been in default for four years, and this appeal could further delay the foreclosure. Meanwhile, the already substantial debt continues to grow. Furthermore, the debtor will not suffer irreparable injury if the stay is denied. The debtor will be entitled to present its arguments against foreclosure in the state action and could recover damages in the event it suffers wrongful foreclosure.

This Court, therefore, adjudges that the debtor has failed to present sufficient grounds for a stay of the Bankruptcy Court's order pending appeal. Accordingly, the motion for a stay (Doc. 5) is DENIED.

■ The debtor also filed a "Motion for Order Requiring Bankruptcy Court Clerk to Transmit Designation of Contents for Inclusion in Record on Appeal, and Statement of Issues on Appeal." (Doc. 3). The debtor states in the motion that the District Court must order the Bankruptcy Clerk to transmit the record on appeal. This motion cites no authority and was not accompanied by a memorandum of law. The Court has received the record from the Bankruptcy Court and, therefore, cannot ascertain what relief the appellant is requesting. Accordingly, the motion for order requiring the Bankruptcy Court Clerk to transmit the record on appeal (Doc. 3) is DENIED.

ORDERED.