In re BOB HAMILTON REAL ESTATE, INC. d/b/a Century 21 Bob Hamilton Real Estate, Debtor.

Milton M. ARVAY, Jr., et al., Plaintiffs,

v.

Larry S. HYMAN, Defendant.

Bankruptcy No. 90–2335–8P7.
Adv. No. 93–291.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 3, 1994.

**704**

Marsha Griffin Rydberg, Tampa, FL, for plaintiffs.

Dennis J. LeVine, Tampa, FL, for defendant.

### ORDER ON MOTION FOR STAY OF ORDER PENDING APPEAL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Stay of Order Pending Appeal filed by Milton M. Arvay, Jr., et al. (Plaintiffs). The Plaintiffs are real estate salespersons associated with Bob Hamilton Real Estate, Inc. d/b/a Century 21 Bob Hamilton Real Estate (Debtor), a licensed real estate broker. The undisputed facts as established by the record are as follows:

On March 15, 1990, the Debtor filed its Petition for Relief under Chapter 7 of the Bankruptcy Code. On May 7, 1993, the Plaintiffs filed a Complaint in which they sought a determination that commissions due and owing to them which resulted from pre-petition real estate contracts obtained by them are not property of the estate pursuant to § 541(d) of the Bankruptcy Code. The Plaintiffs' position is that the Debtor held the commissions in constructive trust for the Plaintiffs.

Larry S. Hyman (Trustee), the duly appointed trustee in the above-captioned Chapter 7 case, subsequently filed a Motion to Dismiss the Complaint. On October 12, 1993, this Court entered an Order granting the Motion to Dismiss, holding that its Order on Summary Judgment in a prior adversary proceeding filed in this case, *Holloway v. Hyman*, 138 B.R. 301 (1992), had already established the law of the case in the instant adversary proceeding. That Order provided that the real estate commissions in that instance were property of the estate under § 541 and that the plaintiff merely held an unsecured claim against the estate. No appeal was taken from that Order.

It should also be noted that on January 7, 1993, this Court entered an Order in *In re Taylor & Campaigne, Inc.*, 149 B.R. 993 (M.D.Fla.1993), determining that similar commissions resulting from pre-petition contracts were property of the estate. On July 29, 1993, this finding was affirmed by the United States District Court. *In re Taylor & Campaigne, Inc.*, 157 B.R. 493 (M.D.Fla. 1993). A notice of appeal was subsequently filed with the Circuit Court of Appeals for the Eleventh Circuit regarding the District Court finding and is still pending.

On November 5, 1993, the Plaintiffs in the instant adversary proceeding filed a Notice of Appeal of the Order granting the Motion to Dismiss. On November 12, 1993, the Plaintiffs filed a Motion for Stay of Order Pending Appeal, which is the matter presently under consideration by this Court.

The granting of a stay pending appeal is governed by F.R.B.P. 8005, which provides that a motion for stay of a judgment or order pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. The Rule also provides that the bankruptcy judge may "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of the appeal on

such terms as will protect the rights of all parties in interest."

■ In considering whether a stay pending appeal should be granted, a court should consider the following: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re First South Savings Ass'n*, 820 F.2d 700 (5th Cir.1987); *In re Dale Mabry Properties, Ltd.*, 149 B.R. 209 (M.D.Fla.1992).

■ Taking the elements in seriatim, the Plaintiff must first show a likelihood of success on the merits of the appeal. However if the balance of the equities weighs heavily in favor of the granting of the stay, then the movant need only present a substantial case on the merits. *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. Unit A 1981); *In re Brumlik*, 132 B.R. 495 (M.D.Ga.1991). In view of this, it is appropriate to first consider the three other elements.

■ Considering the issue of harm, the party seeking the stay is required to show that irreparable harm would result if the stay is not granted. While it is true that if the Motion is denied, the estate funds which include the commissions in dispute would be distributed to the unsecured claimants with allowed claims, it is also true that the actual loss to the Plaintiffs would be insubstantial. Because the Plaintiffs hold allowed unsecured claims against the estate, they would receive their pro rata shares of the distribution. More importantly, even if distribution is made and the case is closed, and subsequently the matter is resolved in favor of the Plaintiffs, this Court will have retained jurisdiction to grant a motion to reopen the case pursuant to § 350 and F.R.B.P. 5010 and order the Trustee to recover funds for the Plaintiffs from the creditors who received dividends. Based upon the foregoing, this Court is satisfied that the Plaintiffs would not suffer irreparable harm if the stay is not granted.

Considering the other side of the equation, this Court is satisfied that granting the stay would unduly delay administration of the case and therefore would violate the expressed policy of the Code, which is prompt administration of the estate. A stay pending appeal would prevent the Trustee from making any distributions until this matter is finally resolved, which could be several years. Accordingly, this Court is satisfied that the delay which would result from the granting of the stay would cause the estate to suffer harm and would create a substantial hardship to the creditors.

This leaves for consideration the issue of public policy. The Plaintiffs have neither alleged nor demonstrated that the public interest would be better served if the stay is issued. On the contrary, the estate must be administered expeditiously, and this Court will not delay the disbursements to the timely filed unsecured creditors for what might turn out to be several years.

In view of the foregoing, this Court is satisfied that the equities do not weigh in favor of the granting of the stay. Therefore, under *Ruiz* and *Brumlik, supra,* the Plaintiffs must demonstrate a likelihood of success on the merits on appeal. Considering this element, it is impossible to ignore the fact that this issue has been litigated twice before this Court in this particular case, and was resolved in favor of the Trustee in both instances. This issue has also been resolved once by the District Court in favor of the trustee in *Taylor, supra.* Together these results demonstrate that the Plaintiffs are unlikely to prevail on appeal. *See also Matter of Oxford Management, Inc.*, 4 F.3d 1329 (5th Cir.1993). Accordingly, this Court is satisfied that the Plaintiffs have not demonstrated a likelihood to succeed on the merits on appeal. Based on the foregoing, this Court is satisfied that the Motion for Stay Pending Appeal should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Stay Pending Appeal is hereby denied.

DONE AND ORDERED.